# Exhibit B



# LienClear Documents: P&S, Servicer

Trade Confirmation Number: 0098122120150038302-A

# TAX LIEN PURCHASE AND SALE AGREEMENT

**TAX LIEN PURCHASE AND SALE AGREEMENT**

This Tax Lien Purchase Agreement (this " Agreement") is made as of 10-25-2016 (the "Effective Date"), by and among LienClear - 0001, LLC (the "Seller") and REI Holdings (aka Neff Companies LLC dba REI Holdings) (the "Buyer").

PRELIMINARY STATEMENTS

WHEREAS, Seller is the owner of certain tax liens that are identified in the Tax Lien Schedule (the " Tax Lien Schedule") attached hereto as Schedule 1 (the "Tax Liens");

WHEREAS, Seller wishes to sell to Buyer, and Buyer wishes to acquire from Seller, such Tax Liens identified on the Tax Lien Schedule, on the terms and conditions further described herein (the " Transaction");

WHEREAS, in connection with the Transaction, Buyer and Seller desire to enter into a services agreement of even date herewith (" Services Agreement") in order to engage a third party servicer ("Servicer") to perform the transfer and assignment of the Tax Liens in connection with the Transaction.

NOW, THEREFORE, in consideration of the mutual covenants and conditions set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto do hereby agree as follows:

ARTICLE I

## DEFINITIONS

Section 1.01. Definitions. In addition to the terms defined in the preambles and elsewhere in this Agreement, the following definitions apply in this Agreement.

" Applicable Law" shall mean any applicable federal, state or local law, rule, ordinance, regulation or order, each as amended to the date of this Agreement.

" Brokerage Fees" shall mean the brokerage fees due by Buyer and Seller in connection with the Transaction as set forth on the trade confirmation(s) received and approved by Buyer and Seller and as further detailed in the "Brokerage Fee" section of Exhibit A. For the Buyer, such fees shall be paid to LienClear, LLC along with the funds for the purchase of the Liens. For the Seller, such fees will be netted out of the Purchase Price and disbursed by LienClear, LLC according to the Purchase and Sale Agreement.

" Closing Date" has the meaning set forth in Section 3.02.

" Collections" shall mean all receipts or proceeds of any kind from the redemption, refund or cancellation of a Tax Lien.

" Excluded Tax Liens" are any Tax Liens that Seller is unable to transfer and assign to Buyer

within sixty (60) days of the Effective Date, including as a result of a redemption of any Tax Lien prior to the Effective Date.

" Fee Schedule" shall mean the schedule of Transaction Fees set forth onExhibit A.

" Losses" shall mean any claims, demands, actions, causes of action, judgments, damages, recoveries, fines, penalties, interest, liabilities, fees, costs, expenses and other losses, including reasonable attorneys' fees and court costs.

" Purchase Price" has the meaning set forth in Section 2.01.

" Transaction Fees" shall mean, other than Brokerage Fees, all transfer, clearing, servicing, filing, escrow, administrative and processing fees related to the Transaction as set forth on the Fee Schedule. For the Buyer, such fees shall be paid directly to LienClear, LLC and disbursed in accordance with the purchase and sale agreement. For the Seller, such fees will be netted out of the purchase price and disbursed in accordance with the Purchase and Sale Agreement.
ARTICLE II

## PURCHASE AND SALE OF ASSETS

Section 2.01. Sale of Tax Liens. In consideration of Buyer's payment of $ 0.00 swap for assets (the "Purchase Price"), Seller hereby sells, transfers, conveys and assigns to Buyer, without recourse, representation or warranty (except as expressly set forth herein), all of Seller's right, title and interest in, to, and under the Tax Liens identified on the Tax Lien Schedule, including the right to receive all Collections in respect thereof on and after the Effective Date.

Section 2.02. Assumed Liabilities. Buyer shall perform and discharge all obligations related to the Tax Liens which arise on or after the date hereof.
ARTICLE III

## CLOSING DATE AND POST-CLOSING ITEMS

Section 3.01. Payment of Purchase Price and Fees. On the Effective Date, Buyer shall pay to an account designated by LienClear, LLC (i) the Purchase Price, (ii) Buyer's Brokerage Fee, and (iii) Buyer's portion of the Transaction Fees, by cashier's check or wire transfer for deposit into designated account no later than 10-25-2016 with documented proof thereof provided to Seller no later than 10-25-2016

Section 3.02. Closing. The "Closing Date" with respect to the purchase and sale of the Tax Liens shall be the date on which ownership of all Tax Liens (excluding any Excluded Tax Liens, as applicable) has been transferred to Buyer through the execution, endorsement, delivery and filing of all applicable documents and certificates as is required by the applicable taxing authority and under Applicable Laws as such is certified by Servicer in accordance with the Servicing Agreement. Upon delivery of the foregoing and certification thereof by Servicer, the Purchase Price (as adjusted by subtracting that portion of the Purchase Price allocable to any Excluded Tax Liens as set forth on the Tax Lien Schedule (as applicable) and net of Seller's Brokerage

Fee and Transaction Fees) shall be disbursed to Seller in accordance with the Purchase and Sale Agreement. Any portion of the Purchase Price remaining in the designated account after the Closing Date that is related to the exclusion of Excluded Tax Liens shall be returned to the Buyer.

Section 3.03. Collections Received On or After the Effective Date To the extent Seller receives any Collections in respect of the Tax Liens on or after the Effective Date, Seller shall hold such amounts in trust for the Buyer. The Seller shall notify the Buyer, on or before the tenth (10th) day of each month, of the amount of Collections received with respect to each Tax Lien sold to the Buyer hereunder during the prior month. Within ten (10) days thereafter the Seller shall promptly deliver such funds to the Buyer by a wire transfer to an account designated in writing by the Buyer. The Seller's obligation to provide such information and to deliver such Collections shall terminate upon completion of the applicable taxing authority's transfer of registered legal title of the Tax Liens to the Buyer or its designee.

Section 3.04. Transfer of Title; Servicer.

(a) Transfer of Title; Servicer. Simultaneously with the execution of this Agreement, Buyer and Seller shall enter into the Servicing Agreement with Servicer. Buyer and Seller shall, and shall cause Servicer to, take all actions required by the applicable taxing authority and Applicable Law to transfer legal title of the Tax Liens (excluding Excluded Tax Liens, as applicable) to the Buyer or its designee. As of the date hereof, and upon payment in full of the Purchase Price, Buyer shall be the 100% beneficial owner of the Tax Liens and shall be entitled to all Collections on the Tax Liens received on and after the Effective Date (excluding Collections related to Excluded Tax Liens, as applicable), regardless of when the transfer of registered legal title occurs.

(b) Costs Related to Transaction. Buyer and Seller shall bear all costs and expenses related to the Transaction in accordance with the Fee Schedule, unless otherwise agreed to by the parties in writing.

Section 3.05. Assurance of Further Action. From time to time after the Closing Date and without further consideration, each of the parties to this Agreement shall execute and deliver, or cause to be executed and delivered, such further instruments and agreements, and shall take such other actions, as any other party may reasonably request in order to more effectively effectuate the transactions contemplated by this Agreement.

ARTICLE IV

Section 4.01. Seller's Limited Representations. Seller hereby represents and warrants that:

(a) the Seller, it's affiliated subsidiary, or its wholly owned subsidiary is the owner of the Tax Liens, with good and valid title thereto, and with full right to sell and transfer the same

(b) the Seller has the authority to sell the Tax Liens to Buyer;

(c) the Tax Liens will be transferred to Buyer free and clear of all encumbrances;

(d) to the Seller's knowledge the Tax Liens are validly issued under Applicable Law;

(e) once the Purchase Price has been paid by the Buyer and delivered to the Seller in

accordance with the terms hereof, the Seller shall have no further rights or claims to the Tax Liens;

(f) the Seller intends to convey to the Buyer legal title to all of the Tax Liens;

(g) Seller has the full right, power and authority, without the consent of any other person, to execute and deliver this Agreement and to perform its obligations under this Agreement and the transactions on its part contemplated hereby.

Except as expressly set forth above, Seller makes no representations or warranties with respect to the Tax Liens or any other matters.

Section 4.02. Buyer's Limited Representations. Buyer hereby represents and warrants that as of the date hereof:

(a) Buyer is a limited liability company duly organized, validly existing and in good standing under the laws of the state of its formation.

(b) Buyer has full power and authority to enter into and perform this Agreement and to purchase the Tax Liens from Seller;

(c) This Agreement has been duly executed by the Buyer and delivered to the Sellers and constitutes a legally valid and binding obligation of the Buyer, enforceable against the Buyer in accordance with its terms, except as limited by bankruptcy and laws affecting the enforcement of creditors' rights generally and equitable principles; and

(d) the Buyer is a sophisticated party that understands the Tax Liens, its investment in the Tax Liens and the risks associated therewith.

Except as expressly set forth above, Buyer makes no representations or warranties.

Section 4.03. Remedy for Breach of Seller's Limited Representations. Upon discovery by Buyer, at any time during the three (3)-month period beginning on the Effective Date, of a breach of any of Seller's representations and warranties included in Section 4.01 above, Buyer shall give prompt written notice to Seller, along with evidence supporting such breach claim. Within thirty (30) calendar days after Seller receives written notice of any such breach, Seller shall use commercially reasonable efforts to cure such breach in all material respects and, if such breach cannot be cured, Buyer may pursue any other remedies available to it under this Agreement or at law or equity.

Section 4.04. Indemnification. Notwithstanding anything to the contrary in this Agreement, each party shall indemnify, hold harmless and, if requested by the other party in its sole and absolute discretion, defend the other party from and against any and all Losses to the extent arising out of or related to (i) a breach of this Agreement by such party, including without limitation a breach of any representation, warranty or covenant made by such party hereunder; (ii) any act or omission constituting gross negligence or willful misconduct on the part of such party; or (iii) such party's breach of any Applicable Law.

ARTICLE V

MISCELLANEOUS PROVISIONS

Section 5.01. Amendment. This Agreement only can be modified in a written document executed by Buyer and Seller.

Section 5.02. Governing Law; Venue; Jurisdiction. THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF DELAWARE, WITHOUT REFERENCE TO ITS CONFLICT OF LAW PROVISIONS, AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH SUCH LAWS. Any action to enforce or interpret this Agreement, or arising out of or relating to this Agreement involving the parties hereto, shall be brought in a federal or state court of competent jurisdiction situated in Wilmington, Delaware. Each party hereto hereby irrevocably submits to the jurisdiction and venue in such courts and waives any objection such party may have to either the jurisdiction or venue of such courts.

Section 5.03. Notices. All notices, requests, demands or other communications required to be given or made hereunder shall be in writing and shall be deemed to be well and sufficiently given if hand-delivered or mailed by prepaid and registered mail addressed to:

If to the Seller: LienClear - 0001, LLC

401 Park Avenue South 10th Floor

New York, NY 10016

Attn: LienClear - 0001, LLC

Email: benhedwards@gmail.com

If to the Buyer: REI Holdings (aka Neff Companies LLC dba REI Holdings)

691 W 1200 N Ste 100

Springville, UT 84663

Attn: REI Holdings(aka Neff Companies LLC dba REI Holdings)

Email: Brandon@rei-holdings.com

Such notice shall be deemed to have been given, in the case of personal delivery, on the date of delivery, and where given by registered mail, on the business day of actual receipt thereof. It is understood that in the event of a threatened or actual postal disruption in the postal services in the postal area through which such notice must be sent, notice must be given personally as aforesaid or by means of printed electronic or printed telephonic communication in which case notice shall be deemed to have been given on the date of transmission thereof. Any party may change its address for notice by written communication mailed or delivered as aforesaid.

Section 5.04. Severability. If any part of this Agreement is held to be invalid or otherwise unenforceable, the rest of this Agreement will be considered severable and will continue in full force.

Section 5.05. Assignment. Either party may assign this Agreement to another party upon providing written notice thereof to the other party.

Section 5.06. Binding Effect; Third-Party Beneficiary. This Agreement benefits and is binding on the parties hereto and their respective successors and permitted assigns. No person or entity

other than a party to this Agreement shall have any rights with respect to the enforcement of any of the rights or obligations hereunder.

Section 5.07. Merger and Integration This Agreement contains all of the terms and conditions relating to its subject matter to which the parties have agreed. All prior understandings of any kind are superseded by this Agreement.

Section 5.08. Headings The headings are for reference only and must not affect the interpretation of this Agreement.

{Signature Page Follows}

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

**BUYER**

By:

Name: REI Holdings(aka Neff Companies LLC dba REI Holdings)

Title: Manager

**SELLER**

By:

Name: LienClear - 0001, LLC

Title: Signer

# SCHEDULE 1-TAX LIEN SCHEDULE-{Attached}

| | |
|---|---|
| | |

CARRY TRADE SWAP TO REI HOLDINGS

| recd from? | evaluation? | endorsed? | PortfolioID | State | County | PropertyAddress | Property City | Property | Property Type | 2Property Type | Legal | ParcelNumber | Certificate | DOP | Property Type | nearest Rate | Cash Invested | RV Date | RV 12/1/2015 | SWAP Date | Cost Basis | foreclosure? |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| yes | yes | yes | 19020 | OH | Cuyahoga | 04726 WETZEL AVE | Cleveland | OH | 44109 | SINGLE FAMILY DWELLING | | 012-24-072 | S2010-3-143 | | 8/31/10 Residential | 0.18 | 2,404.31 | 12/1/15 | 4,856.35 | 9/1/16 | 2,428.17 | |
| yes | yes | yes | 20967 | OH | Cuyahoga | 04726 WETZEL AVE | Cleveland | OH | 44109 | SINGLE FAMILY DWELLING | | 012-24-072 | S2011-3-26 | | 8/23/11 Residential | 0.18 | 2,422.53 | 12/1/15 | 4,450.55 | 9/1/16 | 2,225.28 | |
| yes | yes | yes | 19053 | OH | Cuyahoga | 12800 GUARDIAN BLVD | Cleveland | OH | 44135 | SINGLE FAMILY DWELLING | | 019-16-057 | S2010-1-207 | | 8/31/10 Residential | 0.18 | 1,081.31 | 12/1/15 | 2,184.09 | 9/1/16 | 1,092.04 | |
| yes | yes | yes | 5808 | OH | Cuyahoga | 12412 GUARDIAN BLVD | CLEVELAND | OH | 44135 | SINGLE FAMILY D GUARDIAN | | I019-17-066 | B2008-1-292 | | 5/23/08 Residential | 0.18 | 1,501.28 | 12/1/15 | 7,592.75 | 9/1/16 | 3,796.37 | |
| yes | yes | yes | 17897 | OH | Cuyahoga | 12412 GUARDIAN BLVD | CLEVELAND | OH | 44135 | SINGLE FAMILY D GUARDIAN | | I019-17-066 | S2009-1-110 | | 5/19/09 Residential | 0.18 | 1,352.58 | 12/1/15 | 3,040.90 | 9/1/16 | 1,520.45 | |
| yes | yes | yes | 19067 | OH | Cuyahoga | 03595 W 134 ST | Cleveland | OH | 44111 | TWO FAMILY DWELLING | | 022-10-015 | S2010-1-223 | | 8/31/10 Residential | 0.16 | 1,909.79 | 12/1/15 | 3,857.49 | 9/1/16 | 1,928.75 | |
| yes | yes | yes | 19093 | OH | Cuyahoga | 00972 E 77 ST | Cleveland | OH | 44103 | SINGLE FAMILY DWELLING | | 105-30-116 | S2010-1-257 | | 8/31/10 Residential | 0.18 | 872.62 | 12/1/15 | 1,762.56 | 9/1/16 | 881.28 | |
| yes | yes | yes | 16846 | OH | Cuyahoga | 09209 COLUMBIA AVE | Cleveland | OH | 44108 | SINGLE FAMILY DWELLING | | 109-02-011 | S2010-1-293 | | 8/31/10 Residential | 0.18 | 1,484.63 | 12/1/15 | 2,998.73 | 9/1/16 | 1,499.37 | |
| yes | yes | yes | 19192 | OH | Cuyahoga | 01059 LAKEVIEW RD | Cleveland | OH | 44108 | SINGLE FAMILY DWELLING | | 110-25-034 | S2010-1-341 | | 8/31/10 Residential | 0.1A | 1,388.35 | 12/1/15 | 2,804.26 | 9/1/16 | 1,402.13 | |
| yes | yes | yes | 20938 | OH | Cuyahoga | 01059 LAKEVIEW RD | Cleveland | OH | 44108 | SINGLE FAMILY DWELLING | | 110-25-034 | S2011-3-36 | | 8/23/11 Residential | 0.18 | 1,398.53 | 12/1/15 | 2,569.31 | 9/1/16 | 1,284.66 | |
| yes | yes | yes | 6453 | OH | Cuyahoga | 03443 E 105 ST | CLEVELAND | OH | 44104 | SINGLE FAMILY 442 HOWELL D | | 117-25-014 | B2008-1-949 | | 5/23/08 Residential | 0.18 | 3,108.67 | 12/1/15 | 6,310.10 | 9/1/16 | 3,160.05 | |
| yes | yes | yes | 18218 | OH | Cuyahoga | 03443 E 105 ST | CLEVELAND | OH | 44104 | SINGLE FAMILY 442 HOWELL D | | 117-25-014 | S2009-2-149 | | 7/10/09 Residential | 0.18 | 814.41 | 12/1/15 | 1,806.18 | 9/1/16 | 903.09 | |
| yes | yes | yes | 18219 | OH | Cuyahoga | 03443 E 105 ST | CLEVELAND | OH | 44104 | SINGLE FAMILY 442 HOWELL D | | 117-25-014 | S2009-3-96 | | 8/31/10 Residential | 0.18 | 819.66 | 12/1/15 | 1,780.38 | 9/1/16 | 890.19 | |
| yes | yes | yes | 17149 | OH | Cuyahoga | 10112 DUNLAP AVE | Cleveland | OH | 44105 | TWO FAMILY DWELLING | | 135-04-055 | S2010-1-573 | | 8/31/10 Residential | 0.16 | 1,571.68 | 12/1/15 | 3,174.56 | 9/1/16 | 1,587.28 | |
| yes | yes | yes | 17269 | OH | Cuyahoga | 03813-03815 LEE RD | Cleveland | OH | 44128 | SMALL (UNDER 7500 SF) DETA | | 140-04-011 | S2010-1-661 | | 8/31/10 Commercial | 0.18 | 2,439.86 | 12/1/15 | 4,928.15 | 9/1/16 | 2,464.08 | |
| yes | yes | yes | 13423 | OH | Cuyahoga | 14801 MILES AVE | Cleveland | OH | 44128 | SINGLE FAMILY DWELLING | | 142-08-073 | B2009-1-976 | | 10/23/09 Residential | 0.18 | 4,589.55 | 12/1/15 | 9,568.96 | 9/1/16 | 4,984.48 | |
| yes | yes | yes | 19507 | OH | Cuyahoga | 14801 MILES AVE | Cleveland | OH | 44128 | SINGLE FAMILY DWELLING | | 142-08-073 | S2010-1-708 | | 8/31/10 Residential | 0.18 | 1,457.72 | 12/1/15 | 2,944.38 | 9/1/16 | 1,472.19 | |
| yes | yes | yes | 21052 | OH | Cuyahoga | 17412 RIDGETON DR | Cleveland | OH | 44128 | SINGLE FAMILY DWELLING | | 143-08-044 | S2011-3-73 | | 8/23/11 Residential | 0.18 | 1,294.54 | 12/1/15 | 2,378.26 | 9/1/16 | 1,189.13 | |
| yes | yes | yes | 13456 | OH | Cuyahoga | 24227 RUSSELL RD | Bay Village | OH | 44140 | SINGLE FAMILY DWELLING | | 204-20-011 | B2009-1-1009 | | 10/23/09 Residential | 0.18 | 6,877.62 | 12/1/15 | 18,113.58 | 9/1/16 | 9,056.79 | |
| yes | yes | yes | 19520 | OH | Cuyahoga | 24227 RUSSELL RD | Bay Village | OH | 44140 | SINGLE FAMILY DWELLING | | 204-20-011 | S2010-1-724 | | 8/31/10 Residential | 0.18 | 3,392.70 | 12/1/15 | 6,852.75 | 9/1/16 | 3,426.37 | |
| yes | yes | yes | 17397 | OH | Cuyahoga | 05982 W 54 ST | Parma | OH | 44134 | SMALL (UNDER 7500 SF) DETA | | 448-09-025 | S2010-1-799 | | 8/31/10 Commercial | 0.18 | 2,460.68 | 12/1/15 | 4,970.20 | 9/1/16 | 2,485.10 | |
| yes | yes | yes | 19600 | OH | Cuyahoga | 10805 GRANGER RD | Garfield Hts | OH | 44125 | SINGLE FAMILY DWELLING | | 542-20-144 | S2010-1-836 | | 8/31/10 Residential | 0.18 | 2,785.09 | 12/1/15 | 5,625.47 | 9/1/16 | 2,812.73 | |
| yes | yes | yes | 19605 | OH | Cuyahoga | 05118 E 113 ST | Garfield Hts | OH | 44125 | SINGLE FAMILY DWELLING | | 545-03-126 | S2010-1-841 | | 8/31/10 Residential | 0.18 | 3,446.29 | 12/1/15 | 6,960.99 | 9/1/16 | 3,480.50 | |
| yes | yes | yes | 19612 | OH | Cuyahoga | 04908 ORCHARD RD | Garfield Hts | OH | 44128 | SINGLE FAMILY DWELLING | | 546-18-497 | S2010-1-849 | | 8/31/10 Residential | 0.18 | 2,930.10 | 12/1/15 | 5,918.36 | 9/1/16 | 2,959.18 | |
| yes | yes | yes | 7327 | OH | Cuyahoga | 19600 TYRONNE AVE | EUCLID | OH | 44119 | SINGLE FAMILY 17-14 MONT H | | 641-15-054 | B2008-1-1848 | | 5/23/08 Residential | 0.16 | 1,026.56 | 12/1/15 | 2,495.49 | 9/1/16 | 1,247.75 | |
| yes | yes | yes | 18636 | OH | Cuyahoga | 19600 TYRONNE AVE | EUCLID | OH | 44119 | SINGLE FAMILY 17-14 MONT H | | 641-15-054 | S2009-2-391 | | 7/10/09 Residential | 0.18 | 1,778.15 | 12/1/15 | 3,943.54 | 9/1/16 | 1,971.77 | |
| yes | yes | yes | 18637 | OH | Cuyahoga | 19600 TYRONNE AVE | EUCLID | OH | 44119 | SINGLE FAMILY 17-14 MONT H | | 641-15-054 | S2009-3-262 | | 10/19/09 Residential | 0.18 | 1,951.55 | 12/1/15 | 4,236.96 | 9/1/16 | 2,119.48 | |
| yes | yes | yes | 18648 | OH | Cuyahoga | 25520 MARSDON AVE | EUCLID | OH | 44132 | SINGLE FAMILY 19-5 ELMORE | | I643-20-070 | S2010-1-57 | | 8/31/10 Residential | 0.18 | 4,979.19 | 12/1/15 | 9,956.23 | 9/1/16 | 4,978.11 | |
| yes | yes | yes | 21063 | OH | Cuyahoga | 25520 MARSDON AVE | EUCLID | OH | 44132 | SINGLE FAMILY 19-5 ELNORE | | I643-20-070 | S2011-3-20 | | 8/23/11 Residential | 0.18 | 2,711.53 | 12/1/15 | 4,983.49 | 9/1/16 | 2,490.74 | |
| yes | yes | yes | 17495 | OH | Cuyahoga | 00211 E 238 ST | Euclid | OH | 44123 | SINGLE FAMILY DWELLING | | 644-20-045 | S2010-1-889 | | 8/31/10 Residential | 0.18 | 2,373.21 | 12/1/15 | 4,793.53 | 9/1/16 | 2,396.77 | |
| yes | yes rcvd..need to endorse | yes | 19694 | OH | Cuyahoga | 14408 SAVANNAH AVE | East Cleveland | OH | 44112 | SINGLE FAMILY DWELLING | | 671-13-007 | S2010-1-950 | | 8/31/10 Residential | 0.18 | 1,954.97 | 12/1/15 | 3,948.75 | 9/1/16 | 1,974.37 | |
| yes | yes rcvd..need to endorse | yes | 21066 | OH | Cuyahoga | 14408 SAVANNAH AVE | East Cleveland | OH | 44112 | SINGLE FAMILY DWELLING | | 671-13-007 | S2011-3-86 | | 8/23/11 Residential | 0.18 | 2,083.48 | 12/1/15 | 3,827.67 | 9/1/16 | 1,913.83 | |
| yes | yes | yes | 14006 | OH | Cuyahoga | 12610 SPEEDWAY OVERLOOK AVE | East Cleveland | OH | 44112 | SINGLE FAMILY DWELLING | | 672-02-098 | B2009-1-1523 | | 10/23/09 Residential | 0.18 | 4,414.87 | 12/1/15 | 13,257.79 | 9/1/16 | 6,628.90 | |
| yes | yes | yes | 19712 | OH | Cuyahoga | 12610 SPEEDWAY OVERLOOK AVE | East Cleveland | OH | 44112 | SINGLE FAMILY DWELLING | | 672-02-098 | S2009-1-969 | | 8/31/10 Residential | 0.18 | 2,019.69 | 12/1/15 | 4,079.82 | 9/1/16 | 2,039.74 | |
| yes | yes | yes | 19732 | OH | Cuyahoga | 01857 ROSALIND AVE | East Cleveland | OH | 44112 | SINGLE FAMILY DWELLING | | 672-17-081 | S2010-1-992 | | 8/31/10 Residential | 0.18 | 1,919.26 | 12/1/15 | 3,876.62 | 9/1/16 | 1,938.31 | |
| yes | yes | yes | 21070 | OH | Cuyahoga | 01857 ROSALIND AVE | East Cleveland | OH | 44112 | SINGLE FAMILY DWELLING | | 672-17-081 | S2011-3-88 | | 8/23/11 Residential | 0.18 | 2,061.41 | 12/1/15 | 3,787.12 | 9/1/16 | 1,893.56 | |
| yes | yes | yes | 14060 | OH | Cuyahoga | 01756 ALLENDALE AVE | East Cleveland | OH | 44112 | SINGLE FAMILY DWELLING | | 673-03-078 | B2009-1-1577 | | 10/23/09 Residential | 0.18 | 2,255.77 | 12/1/15 | 8,568.01 | 9/1/16 | 4,284.01 | |
| yes | yes | yes | 19741 | OH | Cuyahoga | 01756 ALLENDALE AVE | East Cleveland | OH | 44112 | SINGLE FAMILY DWELLING | | 673-03-078 | S2010-1-1003 | | 8/31/10 Residential | 0.16 | 1,329.55 | 12/1/15 | 2,685.49 | 9/1/16 | 1,342.75 | |
| yes | yes | yes | 18807 | OH | Cuyahoga | 01040 ELRON RD | CLEVELAND HE | OH | 44121 | SINGLE FAMILY 53 NOBLE HON | | 681-36-107 | S2010-1-61 | | 8/31/10 Residential | 0.18 | 6,496.95 | 12/1/15 | 13,122.87 | 9/1/16 | 6,561.43 | |
| yes | yes | yes | 18408 | OH | Cuyahoga | 05586 HARTWOOD RD | CLEVELAND HE | OH | 44121 | SINGLE FAMILY 53 STEWART & | | 681-37-156 | S2010-1-62 | | 8/31/10 Residential | 0.18 | 9,663.61 | 12/1/15 | 19,519.04 | 9/1/16 | 9,759.52 | |
| yes | yes | yes | 17646 | OH | Cuyahoga | 02020 GOODNOR RD | Cleveland Hts | OH | 44118 | SINGLE FAMILY DWELLING | | 687-04-036 | S2010-1-1034 | | 8/31/10 Residential | 0.18 | 2,508.24 | 12/1/15 | 5,066.27 | 9/1/16 | 2,533.13 | |
| yes | yes | yes | 7735 | OH | Cuyahoga | 02385 ARLINGTON DR | LYNDHURST | OH | 44124 | RESIDENTIAL C-3/30 GEORGET | | 714-25-401C | B2008-1-2262 | | 5/23/08 Residential | 0.18 | 1,465.33 | 12/1/15 | 7,470.11 | 9/1/16 | 3,735.06 | |
| yes | yes | yes | 18838 | OH | Cuyahoga | 02385 ARLINGTON DR | LYNDHURST | OH | 44124 | RESIDENTIAL C-3/30 GEORGET | | 714-25-401C | S2009-2-512 | | 7/10/09 Residential | 0.18 | 2,666.20 | 12/1/15 | 5,913.03 | 9/1/16 | 2,956.52 | |
| yes | yes | yes | 18439 | OH | Cuyahoga | 02385 ARLINGTON DR | LYNDHURST | OH | 44124 | RESIDENTIAL C-3/30 GEORGET | | 714-25-401C | S2009-3-345 | | 8/31/10 Residential | 0.18 | 2,814.09 | 12/1/15 | 6,112.49 | 9/1/16 | 3,056.24 | |
| yes | yes | yes | 7816 | OH | Cuyahoga | 03725 LEE RD | SHAKER HEIGH | OH | 44120 | OFFICE BUILD M53 VANS #21 D | | 735-26-006 | B2008-1-2353 | | 5/23/08 Commercial | 0.18 | 11,992.50 | 12/1/15 | 32,251.12 | 9/1/16 | 16,125.56 | |
| yes | yes | yes | 18867 | OH | Cuyahoga | 03725 LEE RD | SHAKER HEIGH | OH | 44120 | OFFICE BUILD M53 VANS #21 D | | 735-26-006 | S2009-2-541 | | 7/10/09 Commercial | 0.18 | 6,069.30 | 12/1/15 | 13,534.28 | 9/1/16 | 6,767.14 | |
| yes | yes | yes | 18868 | OH | Cuyahoga | 03725 LEE RD | SHAKER HEIGH | OH | 44120 | OFFICE BUILD M53 VANS #21 D | | 735-26-006 | S2009-3-351 | | 8/31/10 Commercial | 0.18 | 6,069.30 | 12/1/15 | 13,183.13 | 9/1/16 | 6,591.56 | |
| yes | yes | yes | 19202 | OH | Cuyahoga | 19201 Van Aken Blvd | Shaker Hts | OH | 44120 | RESIDENTIAL CONDOMINIUM | | 736-07-858C | S2010-1-1050 | | 8/31/10 Residential | 0.18 | 2,176.41 | 12/1/15 | 4,334.00 | 9/1/16 | 2,197.00 | |
| yes | yes | yes | 19782 | OH | Cuyahoga | 19101 Shakerwood Rd | Warrensville H | OH | 44122 | SINGLE FAMILY DWELLING | | 761-01-047 | S2010-1-1132 | | 8/31/10 Residential | 0.18 | 2,844.05 | 12/1/15 | 5,744.56 | 9/1/16 | 2,872.28 | |
| yes | yes | yes | 19783 | OH | Cuyahoga | 04480 Granada BLVD | Warrensville H | OH | 44122 | RESIDENTIAL CONDOMINIUM | | 761-22-406 | B2009-1-1805 | | 10/23/09 Residential | 0.18 | 2,669.73 | 12/1/15 | 9,607.67 | 9/1/16 | 4,803.84 | |
| yes | yes | yes | 19796 | OH | Cuyahoga | 04480 Granada BLVD | Warrensville H | OH | 44122 | RESIDENTIAL CONDOMINIUM | | 761-22-406 | S2010-1-1063 | | 8/31/10 Residential | 0.18 | 2,850.36 | 12/1/15 | 5,757.90 | 9/1/16 | 2,878.65 | |
| yes | yes | yes | 14303 | OH | Cuyahoga | 18706 Miles Rd | Warrensville H | OH | 44128 | OTHER RETAIL STRUCTURES | | 762-11-001 | B2009-1-1810 | | 10/23/09 Commercial | 0.18 | 3,920.44 | 12/1/15 | 12,305.59 | 9/1/16 | 6,152.79 | |
| yes | yes | yes | 19802 | OH | Cuyahoga | 18706 Miles Rd | Warrensville H | OH | 44128 | OTHER RETAIL STRUCTURES | | 762-11-001 | S2010-1-1067 | | 8/31/10 Commercial | 0.19 | 2,435.43 | 12/1/15 | 4,919.21 | 9/1/16 | 2,459.60 | |
| yes | yes | yes | 21074 | OH | Cuyahoga | 19602 Sumpter Rd | Warrensville H | OH | 44128 | SINGLE FAMILY DWELLING | | 762-22-049 | S2010-1-1069 | | 8/31/10 Residential | 0.18 | 2,452.70 | 12/1/15 | 4,954.09 | 9/1/16 | 2,477.04 | |
| yes | yes | yes | 7866 | OH | Cuyahoga | 19602 Sumpter Rd | Warrensville H | OH | 44128 | SINGLE FAMILY DWELLING | | 762-22-049 | S2011-3-91 | | 8/23/11 Residential | 0.18 | 2,443.46 | 12/1/15 | 4,489.00 | 9/1/16 | 2,244.50 | |
| yes | yes | yes | 18904 | OH | Cuyahoga | 23670 BANBURY CIR I | WARRENSVILLI | OH | 44128 | RESIDENTIAL C-99 BANBURY V | | 763-18-422 | B2008-1-2428 | | 5/23/08 Residential | 0.18 | 1,527.58 | 12/1/15 | 3,713.43 | 9/1/16 | 1,856.72 | |
| yes | yes | yes | 18905 | OH | Cuyahoga | 23670 BANBURY CIR I | WARRENSVILLI | OH | 44128 | RESIDENTIAL C-99 BANBURY V | | 763-18-422 | S2009-2-562 | | 7/10/09 Residential | 0.18 | 1,375.37 | 12/1/15 | 3,050.16 | 9/1/16 | 1,525.13 | |
| yes | yes | yes | 19807 | OH | Cuyahoga | 23670 BANBURY CIR I | WARRENSVILLI | OH | 44128 | RESIDENTIAL C-99 BANBURY V | | 763-18-422 | S2009-3-452 | | 10/19/09 Residential | 0.18 | 1,380.69 | 12/1/15 | 2,999.00 | 9/1/16 | 1,499.50 | |
| yes | yes | yes | 19817 | OH | Cuyahoga | 04935 Caroline Dr | Warrensville H | OH | 44128 | RESIDENTIAL CONDOMINIUM | | 763-18-437 | S2010-1-1078 | | 8/31/10 Residential | 0.18 | 1,061.82 | 12/1/15 | 2,144.72 | 9/2/16 | 1,072.36 | |
| yes | yes | yes | 14432 | OH | Cuyahoga | 19513 Milan Dr | Maple Hts | OH | 44137 | SINGLE FAMILY DWELLING | | 782-08-094 | S2010-1-1089 | | 8/31/10 Residential | 0.18 | 1,467.51 | 12/1/15 | 2,964.15 | 9/2/16 | 1,482.08 | |
| yes | yes | yes | 19841 | OH | Cuyahoga | 00836 McKinley Ave | Bedford City | OH | 44146 | SINGLE FAMILY DWELLING | | 813-21-055 | B2009-1-1939 | | 10/23/09 Residential | 0.18 | 4,152.56 | 12/1/15 | 9,019.82 | 9/2/16 | 4,509.91 | |
| yes | yes | yes | 19841 | OH | Cuyahoga | 00836 McKinley Ave | Bedford City | OH | 44146 | SINGLE FAMILY DWELLING | | 813-21-055 | S2010-1-1134 | | 8/31/10 Residential | 0.18 | 3,025.40 | 12/1/15 | 6,110.85 | 9/1/16 | 3,055.43 | |

Duplicate=$30

REI SWAP FOR CARRY TRADE

215-664-2282 for cleveland building dept.
call building dept.
left message for damian at 216-664-2959 emailed

| PortfolioID | State | County | Property/Address | Property City | Property State | Property Zip | Property Type Legal | ParcelNumber | Certificate | DOF | Property Type | Interest Rate Lien | Cash Invested | NV Date | NV 12/1/2015 | SWAP Date | Cost Basis | call building dept. | demo if yes/no and demo lien amt when |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12513 | OH | Cuyahoga | 03478 W 45 ST | Cleveland | OH | 44102 | TWO FAMILY DWELLING | 016-23-095 | B2009-1-194 | 10/24/09 | Residential | 0.18 | 2,244.79 | | 12/1/15 $ 7,949.16 | 9/1/16 | $ 5,961.87 | rtaylor@city.cleveland.oh.us | condemned...but not demolished |
| 18961 | OH | Cuyahoga | 03478 W 45 ST | Cleveland | OH | 44102 | TWO FAMILY DWELLING | 016-23-095 | S2010-1-172 | 8/31/10 | Residential | 0.18 | 1,352.69 | | 12/1/15 $ 2,732.23 | 9/1/16 | $ 2,049.17 | | |
| 5981 | OH | Cuyahoga | 10227 COLUMBIA AVE | CLEVELAND | OH | 44108 | SINGLE FAMILY COLUMBIA 00E | 108-22-042 | B2008-1-474 | 5/23/08 | Residential | 0.18 | 4,293.76 | | 12/1/15 $ 24,492.26 | 9/1/16 | $ 12,767.49 | | condemned but not scheduled for demo |
| 17954 | OH | Cuyahoga | 10227 COLUMBIA AVE | CLEVELAND | OH | 44108 | SINGLE FAMILY COLUMBIA 00E | 108-22-042 | S2009-1-173 | 5/19/09 | Residential | 0.18 | 1,606.85 | | 12/1/15 $ 3,612.56 | 9/1/16 | $ 4,680.88 | | not condemned yet but lookin got condemn.. not on demo list yet. |
| 5987 | OH | Cuyahoga | 00661 PARKWOOD DR | DF CLEVELAND | OH | 44108 | SINGLE FAMILY 362 CRCO NP 2 | 108-25-117 | B2008-1-478 | 5/23/08 | Residential | 0.18 | 955.57 | | 12/1/15 $ 6,242.17 | 9/1/16 | $ 1,495.02 | | |
| 17966 | OH | Cuyahoga | 00661 PARKWOOD DR | DF CLEVELAND | OH | 44108 | SINGLE FAMILY 362 CRCO NP 2 | 108-25-117 | S2009-1-37 | 5/19/09 | Residential | 0.18 | 886.64 | | 12/1/15 $ 1,993.37 | 9/1/16 | $ 5,211.11 | | |
| 5988 | OH | Cuyahoga | 00669 PARKWOOD DR | DF CLEVELAND | OH | 44108 | SINGLE FAMILY 362 CRCO S/L 1 | 108-25-120 | B2008-1-479 | 5/23/08 | Residential | 0.18 | 1,349.24 | | 12/1/15 $ 6,948.15 | 9/1/16 | $ 2,024.06 | | unoccupied and will be condemned but not on list for demo yet |
| 17967 | OH | Cuyahoga | 00669 PARKWOOD DR | DF CLEVELAND | OH | 44108 | SINGLE FAMILY 362 CRCO S/L 1 | 108-25-120 | S2009-1-76 | 5/19/09 | Residential | 0.18 | 1,200.39 | | 12/1/15 $ 2,694.75 | 9/1/16 | $ 6,842.79 | | garage was razed...main structure condemned but not approved for demolition. |
| 6048 | OH | Cuyahoga | 00739 E 126 ST | CLEVELAND | OH | 44108 | TWO FAMILY D 373 CSRCO#4 C | 110-07-022 | B2008-1-540 | 5/23/08 | Residential | 0.18 | 2,073.58 | | 12/1/15 $ 9,123.72 | 9/1/16 | $ 2,760.18 | | |
| 17999 | OH | Cuyahoga | 00739 E 126 ST | CLEVELAND | OH | 44108 | TWO FAMILY D 373 CSRCO#4 C | 110-07-022 | S2009-1-183 | 5/19/09 | Residential | 0.18 | 1,636.55 | | 12/1/15 $ 3,680.24 | 9/1/16 | $ 4,401.34 | | approved for demolition but not currently scheduled |
| 6230 | OH | Cuyahoga | 01028 GALEWOOD DR | DF CLEVELAND | OH | 44110 | SINGLE FAMILY 2 GLENELLYNP | 115-12-040 | B2008-1-723 | 5/23/08 | Residential | 0.18 | 844.72 | | 12/1/15 $ 5,868.45 | 9/1/16 | $ 2,276.72 | | |
| 18092 | OH | Cuyahoga | 01028 GALEWOOD DR | DF CLEVELAND | OH | 44110 | SINGLE FAMILY 2 GLENELLYNP | 115-12-040 | S2009-1-109 | 5/19/09 | Residential | 0.18 | 1,350.23 | | 12/1/15 $ 3,035.62 | 9/1/16 | $ 9,709.89 | | condemned but not shceduled for demolition |
| 13018 | OH | Cuyahoga | 16800 ENDORA RD | Cleveland | OH | 44112 | TWO FAMILY DWELLING | 117-14-013 | B2009-1-571 | 10/23/09 | Residential | 0.18 | 4,156.47 | | 12/1/15 $ 12,946.52 | 9/1/16 | $ 4,609.01 | | |
| 19257 | OH | Cuyahoga | 16800 ENDORA RD | Cleveland | OH | 44112 | TWO FAMILY DWELLING | 117-14-013 | S2010-1-415 | 8/31/10 | Residential | 0.18 | 3,042.48 | | 12/1/15 $ 6,145.35 | 9/1/16 | $ 6,366.63 | | demolished...check width auditor for demo lien |
| 6317 | OH | Cuyahoga | 02330 E 90 ST | CLEVELAND | OH | 44106 | TWO FAMILY D 408 S&C 0009 | 119-34-096 | B2008-1-811 | 5/23/08 | Residential | 0.18 | 2,000.82 | | 12/1/15 $ 8,488.84 | 9/1/16 | $ 3,692.16 | | |
| 18143 | OH | Cuyahoga | 02330 E 90 ST | CLEVELAND | OH | 44106 | TWO FAMILY D 408 S&C 0009 | 119-34-096 | S2009-2-57 | 7/10/09 | Residential | 0.18 | 2,219.74 | | 12/1/15 $ 4,922.88 | 9/1/16 | $ 2,688.69 | | condemned...but not scheduled for demolition yet |
| 18144 | OH | Cuyahoga | 02330 E 90 ST | CLEVELAND | OH | 44106 | TWO FAMILY D 408 S&C 0009 | 119-34-096 | S2009-3-33 | 10/19/09 | Residential | 0.18 | 1,650.44 | | 12/1/15 $ 3,584.92 | 9/1/16 | $ 6,026.15 | | demolition permit pulled but demo has been done |
| 6495 | OH | Cuyahoga | 11724 HAMLEN AVE | CLEVELAND | OH | 44120 | SINGLE FAMILY 420 RICEBLVD | 129-09-126 | B2008-3-991 | 5/23/08 | Residential | 0.18 | 1,796.28 | | 12/1/15 $ 8,034.87 | 9/1/16 | | | |
| 13186 | OH | Cuyahoga | 03397 E 118 ST | Cleveland | OH | 44120 | TWO FAMILY DWELLING | 130-21-068 | B2009-3-739 | 10/23/08 | Residential | 0.18 | 3,200.61 | | 12/1/15 $ 10,820.73 | 9/1/16 | | | |
| 19354 | OH | Cuyahoga | 03397 E 118 ST | Cleveland | OH | 44120 | TWO FAMILY DWELLING | 130-21-068 | S2010-1-530 | 8/31/10 | Residential | 0.18 | 1,458.59 | | 12/1/15 $ 2,946.14 | 9/1/16 | | | |
| 21025 | OH | Cuyahoga | 03397 E 118 ST | Cleveland | OH | 44120 | TWO FAMILY DWELLING | 130-21-068 | S2011-3-53 | 8/23/11 | Residential | 0.18 | 1,348.31 | | 12/1/15 $ 2,477.09 | 9/1/16 | $ 11,566.24 | | condemend and not scheduled for demo yet. |
| 13314 | OH | Cuyahoga | 11700 DOVE AVE | Cleveland | OH | 44105 | SINGLE FAMILY DWELLING | 134-01-130 | B2009-2-657 | 10/23/09 | Residential | 0.18 | 4,266.47 | | 12/1/15 $ 12,903.45 | 9/1/16 | $ 9,677.59 | | |
| 19438 | OH | Cuyahoga | 11700 DOVE AVE | Cleveland | OH | 44105 | SINGLE FAMILY DWELLING | 134-01-130 | S2010-1-626 | 8/31/10 | Residential | 0.18 | 2,581.66 | | 12/1/15 $ 5,214.57 | 9/1/16 | $ 3,910.92 | | there was no specific demo lien but the taxes due along with penalties and such is approaching at $16,000 and the neighborhood is not good and getting worse. |
| 7936 | OH | Cuyahoga | 20813 LIBBY RD | MAPLE HEIGHTS | OH | 44137 | SINGLE FAMILY 6 CENH#3 & P 782 | 24-003 | B2008-1-2479 | 7/10/09 | Residential | 0.18 | 1,215.33 | | 12/1/15 $ 6,632.63 | 9/1/16 | $ 4,966.97 | 215-663-4094 ended up calling cu... yes march 2016 | getting worse. |
| 18922 | OH | Cuyahoga | 20813 LIBBY RD | MAPLE HEIGHTS | OH | 44137 | SINGLE FAMILY 6 CENH#3 & P 782 | 24-003 | S2009-2-578 | | Residential | 0.18 | 2,393.29 | | 12/1/15 $ 5,307.78 | 9/1/16 | $ 3,940.84 | ditto | yes march 2016 |
| 18923 | OH | Cuyahoga | 20813 LIBBY RD | MAPLE HEIGHTS | OH | 44137 | SINGLE FAMILY 6 CENH#3 & P 782 | 24-003 | S2009-3-381 | 10/19/09 | Residential | 0.18 | 2,452.75 | | 12/1/15 $ 5,327.62 | 9/1/16 | $ 3,995.72 | ditto | yes march 2016 |

# EXHIBIT A - FEE SCHEDULE

| Description | Buyer - REI Holdings (aka Neff Companies LLC dba REI Holdings) | Seller - LienClear - 0001, LLC |
|---|---|---|
| Purchase Price for Tax Liens: | $0.00 swap for assets | N/A |
| Brokerage Fees: | $0.00 | $0.00 |
| Transaction Fees: | | |
| | | |
| Municipal Transfer Fees: | $0.00 | $N/A |
| Administative Fees: | $0.00 | $0.00 |
| Servicer Fees: | $0.00 | $0.00 |
| Total Deposit/Disburse amt | $0.00 | $0.00 |
| Deposit instruction: | LienClear LLC<br>021502011<br>Beneficiary account #030029384<br>Address: 53 Palmeras St. 10th floor<br>San Juan, PR 00901 | |

## SERVICES AGREEMENT

**THIS SERVICES AGREEMENT** (this "Agreement") is made this 10-25-2016 ("Date'), by and among LienClear - 0001, LLC (the "Seller"), REI Holdings (aka Neff Companies LLC dba REI Holdings) (the "Buyer") and LienClear, LLC ("Servicer").

### RECITALS:

**WHEREAS,** Buyer and Seller are party to a Tax Lien Purchase and Sale Agreement of even date herewith pursuant to which Seller is selling to Buyer and Buyer is purchasing from Seller the tax liens ("Tax Liens") that set forth on Schedule 1 hereto (such purchase and sale referred to herein as the "Transaction");

**WHEREAS,** in connection with the Transaction, Buyer and Seller desire to enter into this Agreement in order to engage Servicer to perform the transfer and assignment of the Tax Liens from Seller to Buyer in connection with the Transaction, and Servicer desires to provide such services in accordance with the terms set forth herein.

**NOW, THEREFORE**, in consideration of the promises and covenants made herein, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto agree as follows:

### AGREEMENT:

1. **Services**. Servicer shall provide the services to Buyer and Seller as set forth on Exhibit A hereto (the "Services") in accordance with this Agreement.

2. **Fees for Services**. Upon completion of the Services, the Servicer shall be entitled to the fees ("Fees") set forth on Exhibit A.

3. **Term.** This Agreement shall become effective on the date hereof and shall remain in effect until completion of the Services as set forth on Exhibit A, unless earlier terminated pursuant to the terms hereof. Notwithstanding any other provision of this Agreement to the contrary, Buyer and Seller may terminate this Agreement in its entirety upon (i) any act or omission that may constitute negligence or willful misconduct by Servicer; or (ii) a breach by Servicer of this Agreement.

4. **Servicer's Covenants**. Servicer accepts the relationship of trust and confidence established by this Agreement and covenants and warrants as follows:

a. Servicer will (i) employ the Servicer's best skill, efforts and judgment in performing the Services; (ii) utilize efficient business administration and supervision; and (iii) perform the Services in the most expeditious and economical manner.

b. The Services shall be performed in a timely, highly professional and ethical manner, in accordance with applicable industry standards, and in accordance with the terms and conditions of this Agreement.

c. Servicer shall, in performing the Services, comply with all applicable federal, state and local laws, ordinances, regulations and orders (collectively, " Laws").

d. Servicer shall, prior to commencing performance of any of the Services, obtain, and shall maintain throughout the term of this Agreement, all approvals, licenses and/or permits required

by any Law or governmental agency, board or other jurisdiction in order to provide the Services.

e. Servicer promptly shall notify the Company of any defects, deficiencies or other issues that impede or preclude Servicer from providing any or all of the Services. Servicer represents that it has investigated the conditions necessary to provide the Services and assumes the liabilities and risks related thereto.

f. Servicer shall be solely responsible for the office space, facilities, equipment, means, methods, techniques and procedures used by Servicer to perform the Services under this Agreement.

g. Servicer in their sole discretion and at their own risk reserves the right to retain or employ a subcontractor from time to time in order to meet the terms and deadlines detailed in the Services rendered under this Agreement.

7 . **Confidentiality**. Servicer will become informed of confidential, proprietary and secret information concerning Buyer and Seller and their respective affiliates, including without limitation, information concerning their business, operations, methodology, research, customers, corporate planning, products, business practices and financial condition (collectively, "Confidential Information"). Servicer agrees to keep in strict confidence, and not divulge, make available or use (except for use in the performance of the Services under this Agreement) any such Confidential Information of either Buyer or Seller.

8. **Expenses**. Servicer agrees that it is solely responsible for any and all funds expended or expenses or liabilities incurred by it in connection with its performance under this Agreement. It is understood and agreed that neither Buyer or Seller shall be liable for expenses or damages in any form by reason of any termination of this Agreement in accordance with the terms hereof including but not limited to any claims relating to or arising out of Servicer's expected future performance under this Agreement.

9. **Indemnification**. Servicer shall indemnify, hold harmless and, if requested by the Buyer or Seller, each in their sole and absolute discretion, defend Buyer and Seller, their respective affiliates and respective officers, directors, shareholders, employees, partners, members, managers, agents, attorneys, successors, assigns and authorized representatives from and against any and all claims, demands, actions, causes of action, judgments, damages, recoveries, fines, penalties, interest, liabilities, fees, costs, expenses and other losses, including reasonable attorneys' fees and court costs (collectively, "Losses") to the extent arising out of Servicer's performance under this Agreement, Servicer's breach of any representation, warranty or covenant under this Agreement, Servicer's negligence or misconduct, or Servicer's breach of any Law.

10. **Books and Records; Audit**. Servicer shall maintain books and records with respect to the Services to be provided hereunder and the Payments to be paid hereunder as reasonably requested by Buyer or Seller, which shall be provided to Buyer and/or Seller for review as requested.

11. **Independent Contractor; Scope of Authority.** The relationship between Servicer and each of Buyer and Seller is that of independent contractor, and nothing contained in this Agreement shall any party a partner, agent, employee, joint venturer, dealer or franchisee of any other party. Servicer is retained by Buyer and Seller only for the purposes and to the extent set forth in this Agreement. No party may bind another unless specifically authorized to do so in writing.

12. **Notices.** All notices, demands, requests and other communications required or permitted hereunder shall be in writing and shall be (i) personally delivered with a written receipt of delivery; (ii) sent by a nationally recognized overnight delivery service requiring a written acknowledgement of receipt or providing a certification of delivery or attempted delivery; (iii) sent by certified or registered mail, postage prepaid, with return receipt requested; or (iv) sent by facsimile (receipt confirmed electronically and promptly confirmed by mail, overnight courier or personal delivery to the recipient), to the attention of the individual shown below at the address set forth below, or to such other address, attention of such individual, as either party may from time to time designate in writing to the other in accordance herewith. All notices shall be deemed effective when actually delivered as documented in a delivery or confirmation receipt.

If to the Seller: LienClear - 0001, LLC

401 Park Avenue South 10th Floor

New York, NY 10016

If to the Buyer: REI Holdings (aka Neff Companies LLC dba REI Holdings)

691 W 1200 N Ste 100

Springville, UT 84663

If to Servicer: LienClear, LLC

401 Park Avenue South 10th Floor

New York, NY 10016

13. **Governing Law; Venue.** This Agreement shall be governed and construed in accordance with the laws of the State of Delaware, with regard to the conflict of laws provisions thereof, and the parties consent to the sole and exclusive jurisdiction of the state and federal courts having jurisdiction in the County of Wilmington, Delaware for any dispute arising out of this Agreement.

14. **Attorneys Fees.** The substantially prevailing party in any action or proceeding brought to enforce or interpret this Agreement shall be awarded and receive its costs and reasonable attorney's fees (including those of in-house counsel).

15. **Entire Agreement.** This Agreement, together with the addendum and exhibits attached hereto and thereto, contains all of the terms and conditions agreed upon by the parties hereto with reference to the subject matter hereof and supersedes all prior agreements and negotiations with respect to the subject matter hereof. This Agreement cannot be modified or changed except by written instrument signed by all parties hereto.

16. **No Waiver.** No provision of this Agreement shall be deemed to have been waived, except if such waiver is contained in a written instrument executed by the party against whom such waiver is to be enforced. No waiver by a party of any term or condition of this Agreement shall

constitute a waiver by such party of any prior, concurrent or subsequent breach or default of the same or any other term or condition of this Agreement.

17. **Severability.** In the event that any part of this Agreement shall be held to be invalid or unenforceable by a court of competent jurisdiction, such provision shall be reformed and enforced to the maximum extent permitted by law. If such provision cannot be reformed, it shall be severed from this Agreement and the remaining portions of this Agreement shall be valid and enforceable.

18. **Assignability.** This Agreement shall be binding and inure to the benefit of the successors and permitted assigns of the parties hereto. The parties acknowledge and agree that the obligations of Servicer are personal to Servicer and that Servicer may not assign or subcontract its rights, obligations or this Agreement, except with the prior written approval of Buyer and Seller. Each of Buyer and Seller may, without the consent of the other parties, assign this Agreement to any affiliate or subsidiary or to any person or entity acquiring substantially all of its assets.

19. **Counterparts/Facsimile.** This Agreement may be executed in several counterparts, and each counterpart shall constitute one Agreement binding on all parties hereto, notwithstanding that all of the parties are not signatory to an original or same counterpart. This Agreement may be executed by facsimile signature or electronically.

20. **Survival.** The provisions of this Agreement which, by their reasonable terms, are intended to survive termination of this Agreement (such as indemnity and confidentiality obligations) shall survive termination. In the event that this Agreement is terminated or expires by its terms, such expiration or termination shall not affect any liability or other obligation which shall have accrued prior to such termination.

21. **Authority to Execute.** Each person executing this Agreement represents and warrants that it is duly authorized to execute this Agreement by the party on whose behalf it is so executing.

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the date first above written.

**BUYER**

By:

Name: REI Holdings(aka Neff Companies LLC dba REI Holdings)

Title: Manager

**SELLER**

By:

Name: LienClear - 0001, LLC

Title: Signer

**SERVICER**

By:

Name: Donald Byrne

Title: Servicer

**SCHEDULE 1**
**TAX LIENS**
{Attached}
**EXHIBIT A**

**Services**

Servicer shall take all actions and execute and deliver, or oversee the execution and delivery of, all documents and certificates necessary to effectuate the transfer of ownership of the Tax Liens (except for Excluded Tax Liens (as defined herein)) from Seller to Buyer, including without limitation:

1. Review the list of Tax Liens to determine whether any of the Tax Liens are untransferable due to a redemption or for any other reason (such untransferable Tax Liens are referred to herein as the " Excluded Tax Liens");

2. For all Tax Liens other than Excluded Tax Liens, execute or oversee the execution of the assignment portion of each Tax Lien certificate on behalf of the Seller to effectuate the assignment of each such Tax Lien to Buyer;

3. Deliver or oversee the delivery of such executed Tax Lien certificates to Buyer or Buyer's designated representative;

4. Upon delivery of the foregoing documents to Buyer or Buyer's representative, execute the attached "Certificate of Servicer Evidencing Transfer of Tax Liens" and deliver such certificate along with a final list of all transferred Tax Liens to the Buyer and Seller; and

5. Take such other actions as reasonably requested by Buyer or Seller to further effectuate the completion of the Transaction.

**Fees**

Upon completion of the Services set forth above, including without limitation execution and delivery of the Certificate of Servicer Evidencing Transfer of Tax Liens" to the buyer and seller, each shall pay to Servicer $0.00 in such form as directed by Servicer.

**CERTIFICATE OF SERVICER EVIDENCING TRANSFER OF TAX LIENS**

Date: 10-25-2016

(" Seller") LienClear - 0001, LLC

Attn: Ben Edwards

Address: 401 Park Avenue South 10th Floor

New York, NY 10016

(" Buyer") REI Holdings (aka Neff Companies LLC dba REI Holdings)

Attn: Brandon Neff

Address: 691 W 1200 N Ste 100

Springville, UT 84663

RE: Certification of Servicer Evidencing Transfer of Ownership of Tax Liens

Reference is made to (i) the Tax Lien Purchase and Sale Agreement between Buyer and Seller

dated 10-25-2016 (" Purchase Agreement") pursuant to which Seller is selling to Buyer and Buyer is purchasing from Seller certain tax liens as further set forth therein ("Tax Liens"); (ii) the Services Agreement between Buyer, Seller and the undersigned dated 10-25-2016 ("Services Agreement") pursuant to which the undersigned ("Servicer") is effectuating the transfer of ownership of the Tax Liens from Seller to Buyer.

The undersigned hereby certifies that all actions have been taken and all documents have been executed and delivered in accordance with the Purchase Agreement, Services Agreement and the applicable local taxing authority to effectuate the transfer of ownership of the Tax Liens set forth on the attached list from Seller to Buyer.

Respectfully,

("Servicer")

Address: 401 Park Avenue South 10th floor

New York,New York,10016

| | |
|---|---|
| | |

| | |
|---|---|
| | |

| | |
|---|---|
| | |